**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Appellee,** | ) | |
| | ) | |
| **v.** | ) | **NO. 05-3431** |
| | ) | |
| **JEFFERY WILLIAM PAUL,** | ) | |
| | ) | |
| **Appellant.** | ) | |
| | ) | |

# APPELLANT'S MOTION FOR LEAVE TO FILE AN OVER-LENGTH BRIEF

COMES NOW appellant, Jeffery Paul, by and through counsel, moves this court to grant him leave to file a 25,000 word brief in the above-captioned capital habeas corpus appeal. In support of this motion, appellant states as follows:

1. Mr. Paul previously requested, and was denied, leave to file a brief that exceeded 38,000 words, and given until June 25, 2007, within which to file a brief in compliance with F.R.A.P. 32. In his desire to avoid moving for an additional extension of time, Mr. Paul neglected to comply with this Court's local rule requiring that such a request be filed at least seven days prior to filing the brief.

2. Counsel have been diligently editing Mr. Paul's brief for length, and have



Appellate Case: 05-3431 Page: 1 Date Filed: 06/15/2007 Entry ID: 3320128

shortened the brief by approximately10,000 words. While the editing will continue, further reduction in the length of the brief risks the omission of facts and arguments essential to a fair decision in this death penalty case.

3. Increasing the word limit is necessary because this is a factually and legally complex case. In this capital habeas appeal, the district court denied relief without allowing discovery, evidentiary hearing, or investigative resources, and without engaging in any process to resolve contested issues of fact. Therefore, each of the three issues on which this Court granted a certificate of appealability requires extensive discussion of facts.

4. In Argument 1, this Court granted a certificate of appealability on the question of whether trial counsel were ineffective for failing to conduct a reasonable investigation into Mr. Paul's mental, medical and physical history. In Argument 2, this Court granted a Certificate of Appealability on the issue of whether trial counsel were ineffective for failing to investigate and assert Mr. Paul's incompetence to stand trial. In each argument, Mr. Paul must satisfy the standard of *Strickland v. Washington*, 446 US 668 (1984), which requires him to establish that counsel's performance was deficient, and that he was thereby prejudiced. Application of *Strickland's* performance prong requires:

> an objective review of their performance, measured for "reasonableness under prevailing professional norms,"



Appellate Case: 05-3431 Page: 2 Date Filed: 06/15/2007 Entry ID: 3320128

> *Strickland*, 466 U.S., at 688 which includes a *context-dependent consideration* of the challenged conduct as seen "from counsel's perspective at the time," *id*., at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight").

*Wiggins v. Smith*, 539 U.S. 510, 523 (2003). In Mr. Paul's case, assessment of trial counsel's performance requires a discussion of the investigation that was actually undertaken by trial counsel, and the documents and evidence which put counsel on notice that further investigation would have been fruitful.

5. The prejudice prong of *Strickland* requires even more extensive discussion. The determination of whether Mr. Paul was prejudiced requires the Court to "evaluate the totality of the available mitigation evidence -- both that adduced at trial, and the evidence adduced in the habeas proceeding -- in reweighing it against the evidence in aggravation. *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). Therefore, to prevail on his claim of ineffective assistance of counsel, Mr. Paul must discuss all of the evidence that would have been uncovered by a reasonable investigation, and contrast it with the evidence–both aggravating and mitigating–that was presented to the jury. The necessity to do so is increased by the district court's ruling that "in light of the content of the testimony of petitioner's mother and the fact that the jury apparently accepted it, the proposed additional testimony would have been cumulative at best."



Appellate Case: 05-3431 Page: 3 Date Filed: 06/15/2007 Entry ID: 3320128

Add. 89. Mr. Paul cannot expose the fallacy of the district court's judgment without detailing the testimony of Mr. Paul's mother, the declarations of witnesses and information uncovered in the postconviction investigation, and contrasting both sets of evidence with the mitigating circumstances that were rejected by the jury. This process requires extensive discussion of the facts. The reasoning of the district court in this case is similar to that found objectively unreasonable by Justice O'Connor when she noted, "The Virginia Supreme Court's decision reveals an obvious failure to consider the totality of the omitted mitigation evidence." *Williams v. Taylor*, 529 U.S. 362, 416 (2000) (O'Connor, J., concurring). In Mr. Paul's case, the totality of the mitigation that was omitted by counsel's failure to investigate was quite extensive, requiring comprehensive discussion in Mr. Paul's brief.

6. This Court granted a certificate of appealability on whether there is a right to stay habeas corpus proceedings while a petitioner is mentally incompetent, which appears to be an issue of first impression in this Circuit. To adequately brief the issue, Mr. Paul must explain the evidence which supports his claim that he was incompetent while his habeas corpus petition was pending in the district court, and provide this Court with a thorough discussion of cases supporting the existence of the right asserted.

7. All of the above issues are further complicated by the summary fashion in which the district court proceeded. Mr. Paul was denied the opportunity to conduct discovery or investigate his claims, and the district court refused to allow mental health experts to enter the prison to evaluate Mr. Paul. The district court's refusal to permit fact development impeded Mr. Paul's ability to muster evidence in support of his claims, so it is important for Mr. Paul to explain how the district court's obstruction of fact development affected Mr. Paul's ability to prove his entitlement to relief.

8. This is a death penalty case involving issues of first impression before this Court. Due to the complexity and number of issues involved, it is practically impossible for counsel for appellant to prepare the brief in a thorough and competent manner without exceeding the word limit for opening briefs of appellants. Despite substantial editing to limit the length of the brief, counsel for appellant believe that, in their reasonable professional opinion, the issues in this case cannot be thoroughly aired in less than 25,000 words.



Appellate Case: 05-3431 Page: 5 Date Filed: 06/15/2007 Entry ID: 3320128

WHEREFORE, for all the foregoing reasons, appellant respectfully requests that this Court grant him leave to file a 25,000 word brief in the above-captioned case.

Respectfully submitted,

/s/ Sean D. O'Brien
SEAN D. O'BRIEN

/s/ Jennifer A. Merrigan
JENNIFER A. MERRIGAN

Attorneys at Law
305 E. 63rd Street
Kansas City, MO 64113
816/363-2795 ● Fax 816/363-2799

ROBERT L. MCGLASSON
Georgia Bar No. 492638
1024 Clairemont Ave.
Decatur, GA 30030
404-314-7664 • Fax: 404-373-9338

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Mr. Robert C. Balfe
Mr. William Cromwell
U.S. Attorneys Office
P.O. Box 1524
Fort Smith, AR 72901

Mr. J. Richard Broughton
Attorney, Capital Case Unit
United States Department of Justice
Criminal Division
1331 F. Street, NW
Washington, D.C. 20530

/s/ Sean D. O'Brien
Sean D. O'Brien



Appellate Case: 05-3431 Page: 7 Date Filed: 06/15/2007 Entry ID: 3320128