# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
***Clerk of Court***

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**


May 20, 2009

Mr. Robert L. McGlasson
MCINTYRE & ASSOCIATES
965 Virginia Avenue, N.E.
Atlanta, GA 30306

RE: 05-3431 Jeffery William Paul v. United States

Dear Counsel:

Your claim in the above-captioned appeal has been approved and certified for payment. You should receive a check in the amount of $18,752.72 for work on the direct appeal, and a check in the amount of $8,247.83 for the petition for writ of certiorari both in a short time.

On behalf of the Court I would like to take this opportunity to thank you for your efforts in this case. The Court realizes that a significant amount of time and effort must be devoted to perfecting an appeal. The contribution of your time and professional talent is sincerely appreciated.

Attorneys who represent indigent litigants render a valuable service to the judicial system. While the client benefits directly from competent legal representation, the courts also benefit from the professional preparation of legal arguments for consideration and disposition of cases on appeal. Once again, thank you for handling this appeal.

The court appreciates the work of counsel in this case, but the court did not approve the entire amount of compensation claimed on the vouchers. By way of explanation, the court observes that counsel filed a 191-page certificate of appealability, raising 28 issues, many of which the court believes were insubstantial. Counsel also tendered an overlength opening appellate brief on the due date, and raised in the appellate brief claims that were not encompassed by the certification of appealability. The court is also concerned about the number of hours claimed for conferences among counsel. The court further notes that the compensation claimed in this case exceeds substantially the amounts approved in all recent capital habeas corpus appeals for which data are available to the court. Even as reduced, the aggregate amount of compensation approved in this case is more than twice the highest amount approved in another capital habeas appeal (including petitions for writ of certiorari). While recognizing that each case is different, and that counsel in this case believe that Mr. Paul's mental condition required unusual effort, the court believes that the compensation claimed is excessive.

By way of further explanation, the court observes that in a motion filed on February 7, 2007, the appellant, through Mr. O'Brien, moved the court to appoint a third attorney, Ms. Merrigan. The motion explained that the second appointed attorney, Mr. McGlasson, would

have “virtually no time to commit to Mr. Paul’s case” until the conclusion of a pending trial, and requested that Ms. Merrigan be appointed “to assist in the representation of Mr. Paul until Mr. McGlasson becomes available.” Both Mr. McGlasson and Ms. Merrigan, however, claim compensation for services performed after the motion for appointment of associate counsel was filed, including claims of $13,413 and $17,578, respectively, for work on a petition for writ of certiorari, in addition to a claim of $34,340 by Mr. O’Brien. The court does not believe these claims are consistent with the request that Ms. Merrigan be appointed to assist in the representation of Mr. Paul “until Mr. McGlasson becomes available.”

For these reasons, the court has reduced the amount of compensation claimed by Mr. O’Brien, Mr. McGlasson, and Ms. Merrigan for work as appointed counsel on the direct appeal by 20 percent. The court has reduced the amount of compensation claimed by Mr. O’Brien, Mr. McGlasson, and Ms. Merrigan for work as appointed counsel on the petition for writ of certiorari by 50 percent of the total amount claimed by Mr. McGlasson and Ms. Merrigan (i.e., $15,495.50), dividing this reduction equally among all three attorneys (i.e., $5,165.17 per attorney). The court believes that the compensation approved is nonetheless quite substantial and reasonable.

Michael E. Gans
Clerk of Court

PAW

Enclosure(s)

cc:

District Court/Agency Case Number(s): 6:96-cr-60022